**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**STANDING ORDER REGARDING MOTION PRACTICE**

**A. KELLEY, D.J.**

The Court has adopted the following motion practices governing all civil cases in this session unless, upon motion for good cause shown or *sua sponte*, the Court orders otherwise.

**A. Compliance with Local Rules**: Counsel shall review and adhere to all relevant Local Rules,[1] paying particular attention to the following:

1. **Obligation to Confer**: Counsel are reminded of their obligation to confer in good faith to resolve or narrow any issues prior to filing any motion, as set forth in Local Rules 7.1(a)(2) and 37.1.

2. **Page Limits**: Counsel are reminded of the 20-page limit set forth in Local Rule 7.1(b)(4). Any papers exceeding this limit may be filed only with leave of the Court.

3. **Form and Filing of Papers**: Counsel are reminded of the requirements set forth in Local Rule 5.1, requiring, *inter alia*, double spacing, as well as Local Rule 7.1, concerning general motion practice, Local Rule 37.1, regarding discovery motions, and Local Rule 56.1, governing motions for summary judgment.

**B. Deadlines and Procedures for Dispositive Motions**: The following deadlines and procedures shall apply to all dispositive motions and related briefs and submissions. For the purposes of this Order, the term "dispositive motions" includes motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, and motions for judgment as a matter of law.

1. **Motion**: The moving party shall comply with the time frames designated in the applicable Federal Rules of Civil Procedure, relevant Local Rules, and any schedule set by this Court.

2. **Opposition**: An opposition is due within fourteen (14) days of service of the motion, except as to motions for summary judgment, where oppositions may be filed within twenty-one (21) days. See Local Rules 7.1, 56.1.

3. **Reply**: The moving party may file a reply as of right within seven (7) days of the filing of the opposition, except as to motions for summary judgment, where a reply may be filed within fourteen (14) days after the opposition is served. A reply shall not exceed ten (10) pages.

---

[1] The Local Rules of the United States District Court for the District of Massachusetts are available on the Court's website at https://www.mad.uscourts.gov/general/rules-home.htm. Local Forms are available at https://www.mad.uscourts.gov/resources/forms-local.htm?category=.

4. **Sur-Reply**: A sur-reply is not permitted.

5. **Cross-Motions for Summary Judgment**: Cross-motions for summary judgment are governed by the procedures set forth in Section D(2), *infra*.

C. **Discovery Motions**: For the purposes of this Order, the term "discovery motions" includes motions to compel discovery, motions for protective orders, motions to quash, and motions to strike discovery responses.

1. **Deadlines**: Except for good cause shown, discovery motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant.

    a. The parties may privately agree to continue discovery beyond the court-ordered deadline, but the Court will not entertain any motions related to disputes arising from discovery conducted beyond the Court-ordered deadline.

    b. If additional discovery is compelled by the Court after the relevant deadline has passed, the discovery deadline shall be extended solely for the requested discovery.

2. **Form of Papers**: Counsel shall be mindful of the requirements set forth in Local Rule 37.1(b). The moving party's memorandum in support of any discovery motion shall include each interrogatory, deposition question, request for production, request for admission, or other discovery matter to be decided by the Court, and the response thereto. The moving party must state its position as to each contested issue, with supporting legal authority, immediately following each contested item.

D. **Motions for Summary Judgment**: Counsel shall review and adhere to Local Rule 56.1, in addition to the procedures set forth below.

1. **Statement of Material Facts**: The moving party shall state its facts in a numbered list. When filing its response to the moving party's statement of material facts, the opposing party shall list the moving party's facts in the same numerical order as presented in the moving papers and shall state its response immediately beneath each numbered fact. The opposing party shall then, in the same document, list any additional material facts in support of its opposition, beginning with the number following the last number appearing in the moving party's statement of material facts. The same process shall apply for the moving party's reply. Such formatting may look like the following:

**Opposing Party's Response to Moving Party's Statement of Material Facts**

1. [Moving Party's Fact and Citation to Record Evidence, *Verbatim*].

**RESPONSE**: [Not disputed/Disputed].  [If disputed, cite to record evidence showing the dispute].

….

39. [Moving Party's Fact and Citation to Record Evidence, *Verbatim*].

**RESPONSE**: [Not disputed/Disputed].  [If disputed, cite to record evidence showing the dispute].

**Opposing Party's Statement of Additional Material Facts**

40. [Fact in Support of Opposition].  [Citation to Record Evidence].

2. <u>**Cross-Motions**</u>: If both sides are filing motions for summary judgment, they shall do so as set forth below.

    a. Defendant shall file its motion, with a memorandum not to exceed twenty (20) pages, on or before the date set forth in the Scheduling Order governing the case.

    b. Within thirty (30) days of Defendant's submission pursuant to Section D(2)(a), Plaintiff shall file a single memorandum as both its memorandum in opposition to Defendant's motion and its memorandum in support of its cross-motion, not to exceed thirty (30) pages;

    c. Within twenty-one (21) days of Plaintiff's submission pursuant to Section D(2)(b), Defendant shall file a single memorandum as both its reply in support of its motion and its opposition to Plaintiff's cross-motion, not to exceed fifteen (15) pages; and

    d. Within fourteen (14) days of Defendant's submission pursuant to Section D(2)(c), Plaintiff may file a memorandum as its reply in support of its cross-motion, not to exceed five (5) pages.

E. <u>**ECF Citations**</u>: When citing to documents filed on the Court's electronic docket, e.g., the complaint, another party's memorandum, or an exhibit to a prior submission, parties shall use the following citation format to ensure that such citations are recognized by ECF's Citation Links feature: (Doc No. ___).  This convention shall be used instead of formats that use the title of the cited document, e.g., the Bluebook format.

3

**F.** __Exhibits__: Each party shall file its exhibits in the order in which they first appear in the party's motion and memorandum in support thereof.  Exhibits shall be labeled by number, e.g. Exhibit 1, rather than by letter or any other reference.

**G.** __Privacy Policy__:  The judiciary's privacy policy restricts the publication of certain personal data in documents filed with the Court, including using only the last four digits of social security and financial account numbers, using initials for the names of minor children, limiting dates of birth to the year, and limiting home addresses to city and state. See Fed. R. Civ. P. 5.2; Local Rule 83.6.11.  Such information, if shared during Court proceedings, becomes available to the public when the official transcript is filed.  The best practice is to avoid introducing this information into the record in the first place.  The parties shall take this into account when filing documents and making statements in Court.  If a restricted item is mentioned in Court, the parties have waived any right to have it stricken or redacted thereafter.

**H.** __Requests for Hearings:__ Any party making or opposing a motion may include a request for oral argument in a separate paragraph of that motion or opposition.  See Local Rule 7.1(d).  The Court will determine whether a hearing is necessary and set a hearing date on the docket as needed.  Otherwise, the Court will decide the motion on the papers.

**I.** __Courtesy Copies__: Counsel shall provide **one** courtesy copy to the Clerk's Office of any electronically filed motion, opposition, or reply, including any supporting documents/exhibits, that exceeds forty (40) pages in length.

1. Courtesy copies shall be double-sided.

2. Courtesy copies must be stamped or otherwise prominently marked as follows: **"COURTESY COPY – DO NOT SCAN."**

3. Courtesy Copies shall be delivered to the Clerk's Office within 5 business days of the electronic filing.

4. Counsel shall include exhibit tabs.

5. Litigants proceeding *in forma pauperis* are exempt from this requirement.

**J.** __Courtroom Opportunities for Relatively Inexperienced Attorneys__: The Court strongly encourages the participation of junior associates and other less experienced lawyers in all proceedings (including, in particular, the attorney who wrote the substantial majority of the papers giving rise to the relevant proceeding).  The Court will make extra effort to accommodate requests for oral argument by less experienced attorneys, particularly those historically underrepresented in the legal profession.

**SO ORDERED.**

Dated: February 8, 2023

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge